Sutlibf, J.
The only provisions of the code authorizing a case to be dismissed, are to be found in section 372.
“ An action may be dismissed without prejudice to a future action,
“1. By the plaintiff, before the final submission of the case to a jury, or to the court where the trial is to the court:
“2. By the court, where the plaintiff fails to appear on the trial:
“ 3. By the court, for the want of necessary parties :
“ 4. By the court, on the application of some of the defendants, where there are others, whom the plaintiff fails to prosecute with diligence :
“ 5. By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action.
“ In all other cases, upon the trial of the action, the decision must be upon the merits.”
There are no other cases in which the court are authorized to dismiss an action; and in all other cases, except where *365 the plaintiff, upon final submission, discontinues, or dismisses his case, the decision must be upon the merits.
It is the policy of the law, and to which it has been the object of our legislature to conform the practice of our courts, that there should be an end of litigation. It is not for us to say whether the same end might or might not be as safely and surely attained under the rules of our former practice, where the ordering or allowing a judgment of nonsuit depended, under the circumstances of the case, to a much larger extent upon the discretion of the court. It is sufficient in this case to say that the facts shown by the record do not constitute a case in which the court were authorized, by the provisions of the code referred to, to dismiss the action. The case, as shown by the record, was one in which “ the decision” (in the language of the code) “must be upon the merits.”
But it .does not necessarily follow that the judgment of the court of common pleas should be reversed by reason of such error in so entering such judgment of nonsuit. If the record shows that the plaintiff was not thereby prejudiced, the maxim that the law never requires a vain thing, would here have its application, and prevent a reversal.
Does the record, then, show that the plaintiff was not prejudiced by such dismissal of his action by the court ? If it is evident that the judgment to have been rendered upon the merits, if the case had not been withdrawn from the jury, must have necessarily been for the defendants, and against the plaintiff, then it is evident the plaintiff has not been prejudiced by the judgment of nonsuit; but if otherwise, then it follows that the plaintiff may have been prejudiced, and for the error so appearing upon the record, the plaintiff is entitled to have the judgment reversed, and to be restored to what he has thereby lost.
What, then, is the cause of action alleged by the plaintiff? Was it one, if proved, upon which a recovery might have been had; and was there any evidence tending to prove the same?
The substance of the charge contained in the plaintiff’s petition is, that the defendants unlawfully dug away an em *366 bankment of the river above his lands, and thereby turned the waters of the river from their natural channel, and thereby caused the waters to overflow, inundate and injure his, the plaintiff’s lands, lying below the place of so diverting the waters from the river. This constitutes a good cause of action ; for it can not be questioned that it is equally actionable, by the common law, for an occupier of land to flow lands of another lying below him, as it is to flow lands above him. Merrett v. Brinherhoff, 17 Johns. Rep. 306; Shaw v. Cumminsky, 7 Pick. Rep. 76; Rogers v. Bruce, 17 Pick. Rep. 184; Williams v. Moreland, 2 B. & C. 910.
Was there any evidence offered by the plaintiff tending to prove the facts alleged, so constituting his cause of action ? It is stated in the bill of exceptions, that the plaintiff’s witnesses testified that “ the defendants went to said embankment on the land of said Jacob Duck, and with spades or shovels cut and made two breaches in the embankment, without the consent, and against the remonstrance of said Jacob Duck ; and that, by the cutting of said breaches in the embankment, ai rapid current of water was admitted through the same, which ran down through and upon the land of the plaintiff, and washed away some fifty or sixty rods of his fences, covered up and destroyed about one hundred and fifty bushels of his corn, injured his soil, and did other injuries to the plaintiff’s land to the amount of seventy-six dollars.” The bill of exceptions also recites that, “ it was also stated by one of the witnesses that Marcus Blessing, one of the defendants, had charge of the Spring Valley'and Belbrook Turnpike Road, which passed over one part of said embankment.” But there is nothing further shown by the proof in relation to the circumstances under which the acts were done by any of the'defendants, even to show that the act complained of was not committed by the defendants without excuse, and even wantonly; much less does the act appear to have been done by the defendants in their own right, or under circumstances constituting a justification. And even if a justification were insisted upon, on the part óf the defense, the proof *367 should have been submitted to the jury, and the justification should have depended upon their finding of the issue.
Nor could the fact of such embankment being an artificial, instead of a natural embankment, at all affect the merits of the case, as between third persons, having no right to inter-meddle with it, and the plaintiff.
We have no doubt, therefore, from the facts shown by the record, that the plaintiff was prejudiced by having his action so dismissed.
The judgment of the court of common pleas must, therefore, be reversed at the costs of defendants; and the cause certified to that court for further proceedings.

Judgment accordingly.

Scott, C.J., and Peck, Gholson and Brinkerhoee, JJ., concurred.